UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LINNETH CUNNINGHAM,

                Plaintiff,

                                                  MEMORANDUM & ORDER
      -against-                      14-CV-7040(JS)(ARL)

BANK OF NEW YORK MELLON N.A. and
FLORIDA CAPITAL BANK

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:       Linneth Cunningham, pro se
                       28 Wellington Road
                       Elmont, NY 11003

For Defendants
Bank of New York:   Scott Harris Kaiser, Esq.
                       Suzanne Michelle Berger, Esq.
                       Bryan Cave LLP
                       1290 Avenue of the Americas
                       New York, NY 10104

Florida Capital
Bank:                 No appearances.

SEYBERT, District Judge:

        Pro se plaintiff Linneth Cunningham ("Plaintiff") commenced this action on February 20, 2015 against defendants Bank of New York Mellon N.A. ("BNY") and Florida Capital Bank ("Florida Capital"), asserting claims arising out of foreclosure action related to Plaintiff's real property located in Elmont, New York. Presently pending before the Court is BNY's motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for

failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry 10.)  For the following reasons, BNY's motion to dismiss is GRANTED and the Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

## BACKGROUND

On April 5, 2007, Plaintiff obtained a loan in the amount of $463,000 from Florida Capital secured by a mortgage on Plaintiff's real property located at 28 Wellington Road, Elmont, New York (the "Property").  (Kaiser Decl., Docket Entry 11, Exs. 2, 3.)  On March 3, 2008, the mortgage was assigned to BNY, as Trustee for the Benefit of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2007-10, Mortgage Pass-Through Certificates, Series 2007-10 (the "Trust").  (Kaiser Decl. Ex. 4.)

On March 7, 2008, BNY commenced a foreclosure action against Plaintiff in New York State Supreme Court, Nassau County, alleging that Plaintiff defaulted on her mortgage payments (the "Foreclosure Action").  (Kaiser Decl. Ex. 5.)  On October 28, 2013, Plaintiff filed an affidavit in the Foreclosure Action, arguing, inter alia, that BNY lacked standing to foreclose on the Property because it never validly obtained the mortgage.  (See Kaiser Decl. Ex. 6.)  On February 13, 2014, over Plaintiff's objections, the New York State

2

Supreme Court entered a Judgment of Foreclosure and Sale of the Property. (Kaiser Decl. Ex. 7.)

It does not appear that Plaintiff has contested or appealed the Foreclosure Judgment in state court. Rather, Plaintiff commenced the instant action, seeking to quiet title to the Property on the ground that BNY lacked standing to bring the Foreclosure Action. Plaintiff specifically argues that BNY never validly obtained the mortgage on the Property because the mortgage assignment to BNY violated the terms of the Pooling and Servicing Agreement (the "PSA") governing the Trust. (Compl. at 4-5[1].)

On February 5, 2015, BNY filed a motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 10.) Plaintiff filed an opposition on February 23, 2015, (Docket Entry 20), and BNY filed its reply on March 2, 2014, (Docket Entry 17). Florida Capital has not appeared in this action.

---

[1] Page numbers of the Complaint referenced herein refer to the pages numbers supplied by the Electronic Case Filing system.

DISCUSSION

I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008).

II. BNY's Motion to Dismiss

"A party seeking relief in the district court must at least plead facts which bring the suit within the court's subject matter jurisdiction." Capistran v. Carbone, No. 11-CV-2531, 2012 WL 1247117, at *1 (E.D.N.Y. Apr. 13, 2012) (quoting Espada v. N.Y. Bd. of Elections, No. 07-CV-7622, 2007 WL 2588477, at *2 (S.D.N.Y. Sept. 4, 2007)). Generally speaking, a district court's subject matter jurisdiction is limited to the grounds set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, jurisdiction arises where a "federal question" is presented, see 28 U.S.C. § 1331, or the parties are of diverse

4

citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332.

Plaintiff appears to invoke federal question jurisdiction. She commenced this action using a form complaint entitled, "Civil Rights Complaint 42 U.S.C. § 1983," in which she alleges that she "has a right under the First and Fifth and Fourteenth Amendment[s] to the US Constitution to bring this action." (Compl. at 4.) However, "[u]nder 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." Betts v. Shearman, 751 F.3d 78, 84 (2d Cir. 2014) (quoting Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002)). Here, the two defendants are private entities that had a contractual interest in Plaintiff's mortgage. Because it is so obvious that neither defendant is a state actor or was acting under the color of state law, Plaintiff's purported constitutional claims are "so patently without merit [that they] justify . . . the court's dismissal for want of jurisdiction." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002) (emphasis omitted) (quoting Duke Power Co. v. Carolina Env. Study Grp., 438 U.S. 59, 70, 98 S. Ct. 2620, 2629, 57 L. Ed. 2d 595 (1978)).

But even if federal question (or diversity) jurisdiction were present here, the Court would not exercise such jurisdiction because of the Rooker-Feldman doctrine. Under

Rooker-Feldman, federal district courts are prohibited from exercising subject matter jurisdiction "over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). "The doctrine applies when a litigant seeks to reverse or modify a state court judgment, or asserts claims that are inextricably intertwined with state court determinations." Park v. City of N.Y., No. 99-CV-2981, 2003 WL 133232, at *7 (S.D.N.Y. Jan. 16, 2003) (internal quotation marks and citations omitted).

There are four requirements for the application of Rooker-Feldman: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock, 422 F.3d at 85 (brackets, internal quotation marks, and citations omitted). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." Id.

Here, the procedural requirements are clearly met. Plaintiff lost in state court before this action was commenced when the New York State Supreme Court entered the Foreclosure Judgment on February 13, 2014. Both substantive requirements

6

are also met. There is no doubt that Plaintiff complains of injuries caused by the Foreclosure Judgment and that the purpose of this action is to undo the Foreclosure Judgment. In the Complaint, Plaintiff specifically argues that BNY lacked standing to foreclose on the Property and asks the Court to quiet title to the Property. (Compl. at 4.)

Nonetheless, in her opposition brief, Plaintiff argues that Rooker-Feldman does not apply because Plaintiff received a bankruptcy discharge from the United States Bankruptcy Court for the Eastern District of New York. (Pl.'s Opp. Br., Docket Entry 20, at 2.) However, as BNY correctly notes, the order discharging Plaintiff's debts specifically provides that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." (Kaiser Reply Decl., Docket Entry 16, Ex. 1 at 2.) Here, the Complaint does not allege that the mortgage lien on the Property was avoided or eliminated during Plaintiff's bankruptcy proceeding, nor does the bankruptcy case docket reflect an order to that effect. (See Kaiser Reply Decl., Ex. 2.) Moreover, "[i]t is elementary . . . that liens and other similar secured interests ordinarily survive bankruptcy." McArdle v. McGregor, 261 A.D.2d 591, 592, 688 N.Y.S.2d 919, 919-20 (2d Dep't 1999) (ellipsis in original)

7

(quoting Carman v. European Am. Bank & Trust Co., 78 N.Y.2d 1066, 1067, 576 N.Y.S.2d 90, 92, 581 N.E.2d 1345, 1347 (1991)). Thus, Plaintiff's bankruptcy discharge does not preclude application of the Rooker-Felman doctrine to this case.

Plaintiff next argues that Rooker-Feldman is inapplicable here because BNY obtained the Foreclosure Judgment through fraud. However, in the Second Circuit, "any attack on a judgment of foreclosure is . . . barred by the Rooker-Feldman doctrine." Feinstein v. The Chase Manhattan Bank, No. 06–CV–1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (emphasis added) (collecting cases); accord Gonzalez v. Ocwen Home Loan Servicing, ---F. Supp. 3d ----, 2015 WL 778432, at *6 (D. Conn. Feb. 25, 2015) (collecting cases). "This even includes challenges to a judgment of foreclosure that were allegedly procured by fraud, as [P]laintiff[ ] ha[s] alleged herein." Niles v. Wilshire Inv. Grp., LLC, 859 F. Supp. 2d 308, 334 n.24 (E.D.N.Y. 2012); accord Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (per curiam) ("To the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, Rooker-Feldman bars [the plaintiff's] claim . . . [since] [t]his would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error."); Gonzalez, 2015 WL 778432, at *6

("'Even where a plaintiff alleges that a state court judgment was procured by fraud, Rooker-Feldman will divest the federal court of jurisdiction.'" (quoting Astoria Fed. Sav. & Loan Ass'n v. Arcamone, No. 12-CV-0230, 2012 WL 4355550, at *2 (D. Conn. Sept. 18, 2012)); Parra v. Greenpoint Mortg., No. 01-CV-2010, 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002) ("The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove [her] claims from the ambit of Rooker-Feldman." (alterations in original) (internal quotation marks and citation omitted)), aff'd sub nom., Parra v. Wilshire Credit Corp., 53 F. App'x 164 (2d Cir. 2002).

In sum, Plaintiff lost in state court; the Foreclosure Judgment was rendered before the instant action was commenced; Plaintiff seeks to undo the Foreclosure Action; and she complains of injuries caused by the Foreclosure Judgment. Accordingly, even if subject matter jurisdiction existed in this case, the Court would not exercise jurisdiction because of the Rooker-Feldman doctrine.

III. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

9

"However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, granting leave to replead would be futile since the Court has dismissed Plaintiff's entire Complaint for lack of subject matter jurisdiction. Additionally, Plaintiff's claim that she "has a right to bring this action under the [Fair Debt Collection Practices Act]," raised for the first time in opposition to BNY's motion to dismiss, also does not warrant leave to replead. The FDCPA applies to a "debt collector," which is defined as anyone who collects "debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). Here, however, to the extent BNY was attempting to collect a debt when it commenced the Foreclosure Action, it only did so on its own behalf. Accordingly, Plaintiff cannot maintain an FDCPA claim as a matter of law. See Thomas v. JPMorgan Chase & Co., 811 F. Supp. 2d 781, 801 (S.D.N.Y. 2011) (dismissing FDCPA claim because "Chase [was] attempting to collect the debt on its own behalf"). The Court

therefore will not grant Plaintiff leave to replead to assert an FDCPA claim and the Complaint is DISMISSED WITH PREJUDICE.[2]

## CONCLUSION

For the foregoing reasons, BNY's motion to dismiss (Docket Entry 10) is GRANTED and the Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter judgment accordingly, mark this case CLOSED, and mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July  8 , 2015
         Central Islip, NY

---

[2] Since the Court has dismissed the Complaint for lack of subject matter jurisdiction, it is of no consequence that Florida Capital has failed to appear in this action.

11